Filed 3/3/22  P. v. Garcia CA2/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B304788 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA128373) |
| v. | |
| ISAAC GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed and remanded.

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Nima Razfar, Deputy Attorneys General.

\* \* \* \* \* \*

Isaac Garcia (defendant), who was convicted of two counts of attempted murder and other crimes in 2015, appeals from the denial of his petition for resentencing under Penal Code section 1170.95.[1]  In an unpublished opinion issued on March 25, 2021, we affirmed that denial solely on the ground that section 1170.95 did not accord relief to persons convicted of attempted murder. (*People v. Garcia* (Mar. 25, 2021, B304788) (*Garcia II*).) Defendant filed a petition for review by the California Supreme Court, which was held along with numerous other similar cases. While this case has been pending, our Legislature enacted and the Governor signed into law Senate Bill No. 775 (Senate Bill 775).  (Stats. 2021, ch. 551.)  Senate Bill 775 amended section 1170.95 to expand eligibility for resentencing to persons convicted of attempted murder.  On June 9, 2021, the California Supreme Court granted review in this case, and, in an order filed January 26, 2022, transferred the case back to this court with directions to vacate our prior decision and reconsider in light of Senate Bill 775.  In light of the enactment of Senate Bill 775, we vacate our previous opinion and decision in this case (*Garcia II*) and remand the matter to the trial court for a new evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

**FACTS AND PROCEDURAL BACKGROUND**

**I.     Facts[2]**

**A.     *The underlying crime***

In November 2012, defendant and two other members of the Bellflower Devils clique of the 18th Street gang, Israel Itehua (Itehua) and Jeremy Harris (Harris), chased a putative rival gang member into an apartment complex. There, Itehua shot and paralyzed one woman and then, as the men fled, Itehua fired four shots into a homeless man who had earlier refused to affirm his gang affiliation to them.

**B.     *Prosecution, conviction and appeal***

The People charged defendant with (1) the attempted murder of the woman Itehua shot (§§ 187, subd. (a) & 664), and (2) the attempted murder of the homeless man (§§ 187, subd. (a) & 664).[3] The People further alleged that the attempted murders were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22); that both attempted murders were committed willfully, deliberately, and with premeditation (§ 664, subd. (a)); that a principal discharged a firearm in the course of each attempted murder (§ 12022.53, subds. (d), (e)(1)); and that defendant personally inflicted great bodily injury in the course of each attempted murder (§ 12022.7, subd. (b)).

---

**2**     We draw these facts from our prior, unpublished appellate opinion affirming defendant's convictions. (*People v. Garcia* (Nov. 21, 2016, B266328) (*Garcia I*).)

**3**     The People also charged defendant with second degree robbery (§ 211), but that charge and the resulting conviction are not at issue in this appeal.

3

A jury convicted defendant of both attempted murders and found all allegations to be true.

The trial court sentenced defendant to prison for a term of 68 years and four months to life. As part of this sentence, the trial court imposed a 32-year sentence for each attempted murder count, compromised of 7 years to life for the attempted murder plus 25 years for the discharge of firearm allegation; the court ran the two attempted murder sentences consecutively.

Defendant appealed his conviction and we affirmed in an unpublished opinion. (*Garcia I*, *supra*, B266328).)

## II.     Procedural Background

On October 22, 2019, defendant filed a petition seeking resentencing under section 1170.95 for his two attempted murder convictions. The trial court summarily denied the petition, noting that Senate Bill 1437 did not afford relief to persons convicted of *attempted* murder.

Defendant timely appealed. At that time, the Court of Appeal was split on whether section 1170.95 applied to attempted murder convictions. We affirmed the order denying the petition because we interpreted then-existing section 1170.95 to authorize relief for defendants convicted of murder, but not attempted murder. (*Garcia II*, *supra*, B304788.) Defendant petitioned for review in the Supreme Court. The Supreme Court granted review; transferred the matter back to this court; and directed us to vacate our prior decision and reconsider in light of Senate Bill 775. Following the transfer, the Attorney General and defendant submitted supplemental briefs addressing the impact of Senate Bill 775 on this case.

4

## DISCUSSION

In his supplemental brief, the Attorney General concedes that reversal and remand for an evidentiary hearing is appropriate. We agree.

Senate Bill 1437 enacted section 1170.95, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Prior to the enactment of Senate Bill 775, the Court of Appeal was split on whether section 1170.95 applied to attempted murder as well as murder, with some courts holding that section 1170.95 did not apply to attempted murder at all, others holding that it applied only prospectively to attempted murder, and still others holding that it applied both prospectively and retroactively to nonfinal attempted murder convictions. (See *Love, supra*, 55 Cal.App.5th at pp. 278-279 [summarizing the split of authority as of Oct. 1, 2020].)

Senate Bill 775 resolved this split of authority by amending section 1170.95 to explicitly afford relief to persons convicted of attempted murder and manslaughter. Senate Bill 775's amendments to section 1170.95 became effective January 1, 2022. Defendant's appeal from the denial of his resentencing petition was not final by that date; thus, defendant may avail himself of this latest amendment. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

# DISPOSITION

The order denying defendant's section 1170.95 petition is reversed, and the matter remanded for an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3), as amended by Senate Bill 775.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ